not exactly in accordance with the plaintiff Goldstein's testimony on direct; but, as pointed out above, this testimony is based upon a memorandum made from these books. Moreover, on cross-examination the plaintiff was asked: "Is it not a fact that the first week you received no coats at all for which you received 30 cents, but that you finished off 317 coats at 18 cents a coat?" Whereupon his counsel objected: "The book is in evidence, and it speaks for itself." The plaintiff Tunick's testimony is conclusive upon this point. On his direct testimony he stated that he did no work for the defendants which is not entered in the books. These books show that the plaintiffs performed work prior to February 4th amounting to $266.60, and that they received in payment of that work $266.60 on February 4th, and that at the end of each succeeding week they were paid for all the work of that week, and that they were fully paid on February 25th for all work done. Defendant and his bookkeeper testified that they were told thereafter to pay the workmen out of the deposit, and they paid $154 as wages, or more than the amount of the deposit. Goldstein has already testified that he directed them to pay $154 to his workmen, and, while Tunick denied this, he acknowledged in answer to the court's question that he had authorized the payment of a number of the checks which the defendants produced to show this payment. Under these circumstances, it is obvious that the jury's verdict in favor of the plaintiffs for $170 cannot be sustained. The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.

---

GOODMAN, Respondent, v. CASEY, Appellant. (Supreme Court, Appellant Division, Second Department. December 10, 1909.) Action by Aaron M. Goodman against Thomas G. Casey (appeal No. 1).

PER CURIAM. Order modified, by reducing the amount of bail to the sum of $2,500, and, as so modified, affirmed, without costs.

HIRSCHBERG, P. J., votes to dismiss the appeal, on the ground that the order appealed from does not appear in the record.

---

GOODYEAR RAINCOAT CO., Respondent, v. KRIGER et al., Appellants. (Supreme Court, Appellate Division, First Department. December 17, 1909.) Action by the Goodyear Raincoat Company against Albert Kriger and another. J. Sapinsky, for appellants. F. Walling, for respondent. No opinion. Order modified, by striking therefrom provision No. 4, and, as modified, affirmed, without costs. Settle order on notice.

---

GORE, Appellant, v. NEW YORK CENT. & H. R. R. CO.. Respondent. (Supreme Court, Appellate Division, Fourth Department. December 10, 1909.) Action by Ben O. Gore against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment affirmed, with costs.

SPRING and KRUSE, JJ., dissent.

---

In re GRADE DAMAGE COMMISSIONER. (Supreme Court, Appellate Division, First Department. December 10, 1909.) In the matter of the Grade Damage Commissioner. With this case has been consolidated in this court cases bearing titles as follows: In re Oatis; In re Gray; In re Astor; In re DeVinne; In re Morrison; In re Geisler; In re Gainsborg. No opinions. Motions for extension granted. Settle orders on notice.

---

GRAHAM, Respondent, v. REIS, Appellant. (Supreme Court, Appellate Division, First Department. December 24, 1909.) Action by Andrew J. Graham against Moses Reis. D. C. Robinson, for appellant. H. B. Corey, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed. See, also, 122 App. Div. 312, 106 N. Y. Supp. 645.

---

GREEN, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 12, 1910.) Action by Arthur Green against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs. See, also, 112 App. Div. 903, 97 N. Y. Supp. 1135.

---

GREENE, Respondent, v. DICKINSON, Appellant. (Supreme Court, Appellate Division, First Department. December 24, 1909.) Action by Estelle Greene against Orville A. Dickinson. A. K. Wing, for appellant. S. P. Cahill, for respondent. No opinion. Determination affirmed, with costs. Order filed.

---

In re GRIFFIN. (Supreme Court, Appellate Division, Second Department. December 10, 1909.) In the matter of the application of Frederick Wood Griffin for admission to the bar. No opinion. Application granted, and order signed.

---

GRIFFITHS et al., Respondents, v. BOESE, Appellant. (Supreme Court, Appellate Division, First Department. January 21, 1910.) Action by Benjamin F. Griffiths and another against Quincy W. Boese. H. De F. Baldwin, for appellant. E. W. Hatch, for respondents.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

CLARKE, J., dissents.

---

GRIFFITHS et al., Respondents, v. BOESE, Appellant. (Supreme Court, Appellate Division, First Department. January 21, 1910.) Action by Benjamin F. Griffiths and another against Quincy W. Boese. H. De F. Baldwin, for appellant. E. W. Hatch, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements. Order filed.

INGRAHAM, P. J., and CLARKE, J., dissent.

---

GROSSMAN BROS. & ROSENBAUM v. ATLAS CONST. CO. (Supreme Court, Appellate Division, First Department. January 14, 1910.) Action by Grossman Bros. & Rosenbaum against the Atlas Construction Company.